IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MUNICIPAL ELECTRIC
AUTHORITY OF GEORGIA,

Plaintiff,

v. Case No. 1:18-cv-4295-MHC

JEA,

Defendant.
_______________________________/

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Defendant, JEA, pursuant to Federal Rule of Evidence 201, respectfully moves the Court to take judicial notice of certain facts and public records, as more particularly set forth below. In support, JEA states as follows:

1. JEA is filing a Motion to Dismiss, Or, Alternatively, To Stay ("Motion to Dismiss") these proceedings. Plaintiff's Complaint raises various issues concerning a Power Purchase Agreement ("PPA") related to the construction of additional units at the Alvin W. Vogtle Electric Generating Plant ("Plant Vogtle"), located in Waynesboro, Georgia. As a preliminary matter, the issues raised in Plaintiff's Complaint are the subject of multiple pending proceedings in different fora. In the Motion to Dismiss, JEA urges dismissal or stay of this case pending resolution of the related proceedings. Accordingly, JEA requests that the Court take

judicial notice of the other proceedings and their respective scopes. Additionally, Plaintiff's Complaint requests certain declaratory relief concerning the impact of a potential vote to continue construction of the Plant Vogtle expansion. JEA argues in the Motion to Dismiss that any such request is moot, because Plaintiff voted to continue the project on September 24, 2018. Plaintiff's vote is a matter of public record and not subject to reasonable dispute. Therefore, JEA requests that the Court also take judicial notice of this additional fact.

2. Although judicial notice is permitted under Federal Rule of Evidence 201, and this Court has no Local Rule or Standing Order requiring a formal request, JEA files this Request for Judicial Notice in an abundance of caution concerning the specific items set forth herein.

3. The matters JEA relies upon in its Motion to Dismiss are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot be questioned — namely, public records, and are otherwise generally known within this Court's territorial jurisdiction. *See* Fed. R. Evid. 201.[1] As such, JEA asks the Court to take judicial notice of the following facts and public records:

---

[1] "[T]he Court may take judicial notice of documents filed in other judicial proceedings, without converting the motion to dismiss to a motion for summary judgment, because they are public documents, . . . for limited purposes such as recognizing the subject matter of the litigation." *Smith v. Am. Tel. & Tel. Co.*, No. 3:07-CV-175-J32-HTS, 2008 WL 795329, at *1 (M.D. Fla. Mar.

a) On September 17, 2018, JEA filed before the Federal Energy Regulatory Commission ("FERC") a Petition for Declaratory Order of JEA Regarding the Jurisdictional Nature of a Power Purchase Agreement under the Federal Power Act (the "FERC Petition"). *See* **Exhibit A.** The subject matter of the FERC Petition concerns FERC's exclusive jurisdiction over the subject PPA under the Federal Power Act.

b) On September 11, 2018, JEA filed a Complaint for Declaratory Judgment in the Circuit Court, Fourth Judicial Circuit, In and For Duval County, Florida (the "Florida Litigation"). *See* **Exhibit B**. Immediately prior to filing this Request and Motion to Dismiss, MEAG removed the Florida state court proceeding to Florida federal court. The Complaint remains the same. The subject matter of the Florida Litigation concerns whether the PPA violates the Florida Constitution and is *ultra vires*, void *ab initio*, and unenforceable.

c) On September 24, 2018, MEAG's Board of Directors voted to continue construction of the additional units at Plant Vogtle. *See* **Exhibits C and D.**[2]

---

24, 2008). Additionally, because subject matter jurisdiction is at issue in this case, the Court can consider evidence outside of the Complaint in evaluating this Court's jurisdiction over the case. *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1258 (M.D. Fla. 2011) ("In considering a factual attack, this court considers the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." (internal quotation marks omitted)). Further, the court is specifically authorized to take judicial notice of public filings pending before the Federal Energy Regulatory Commission (FERC) and public securities filings. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (a court may take judicial notice of a document filed in another proceeding); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 633 F. Supp. 2d 1151, 1169 (D. Nev. 2007) (a court may take judicial notice of matters of public record, including FERC filings).

[2] MEAG disclosed the vote in connection with a September 26, 2018 filing on the EMMA platform, the Security and Exchange Commission's (SEC) designated official repository for municipal securities disclosures. *See* September 26, 2018 MEAG EMMA Disclosure at 2, a copy of which is attached hereto as Exhibit "C". The court may take judicial notice of relevant public securities filings. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *Druskin v. Answerthink, Inc.*, 299 F. Supp. 2d 1307, 1320 (S.D. Fla. 2004).While MEAG's disclosure identifies that the necessary votes of all Co-Owners were received September 26, 2018, in fact, MEAG's particular vote was cast on September 24, 2018. *See, e.g.*, MEAG Power, Sept. 24, 2018

d) The Georgia Public Service Commission ("PSC") describes MEAG as a municipally-owned electric and gas utility outside PSC jurisdiction. *See* **Exhibit E, pp. 7-8.**[3]

4. The above-mentioned facts and documents are matters of public record and are not capable of reasonable dispute.

5. Furthermore, the facts and documents cited above are relevant to a determination of whether the Court should dismiss or stay this case pending resolution of separate related proceedings and in light of Plaintiff's failure to adequately state a claim for relief.

6. JEA respectfully requests that the Court take judicial notice of the above-mentioned facts and public records for all future purposes in this action, including JEA's Motion to Dismiss.

**WHEREFORE**, JEA respectfully requests that the Court take judicial notice of the above-mentioned facts and public records for all future purposes in this action,

---

Press Release, *MEAG Power Votes to Continue Construction of Plant Vogtle Units 3 & 4*, *available at* www.meagpower.org, a copy of which is attached hereto as Exhibit "D". The court may take judicial notice of this fact pursuant to Fed. R. Evid. 201 because the fact is generally known within the trial court's territorial jurisdiction and is not subject to reasonable dispute. *See In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d 1308, 1313 (N.D. Ga. 2001) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802, n.2 (11th Cir. 1999)).

[3] The court may take judicial notice of this statement contained on the Georgia PSC website describing the operations of a public body. *See Kirby v. Pennsylvania R. Co.*, 188 F.2d 793, 795–96 (3d Cir. 1951) ("We take it also that the operation of the Board is a performance by a public body of which we may take judicial notice."); *see also Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003) (courts may take judicial notice of records and reports of administrative bodies).

including but not limited to JEA's Motion to Dismiss, and granting any further relief that the Court deems just and proper.

**MEMORANDUM OF LAW**

Federal Rule of Evidence 201 permits a court to judicially notice facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In order to take judicial notice, the fact to be noticed must be "relevant to a determination of the claims presented . . . ." *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004).

Documents filed in other courts are public records and are especially prone to judicial notice. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006) (concluding that the district court properly took judicial notice of a complaint filed in the Southern District of New York); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) ("Furthermore, courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"). The court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but to establish the fact of such litigation and related

filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Thus, a court may judicially notice another court's order for purposes of recognizing the judicial act that the order represents. *Id.* In line with the foregoing, the Court may take judicial notice of proceedings pending before the Federal Energy Regulatory Commission. *See In re Western States Wholesale Natural Gas Antitrust Litig.*, 633 F. Supp. 2d 1151, 1169 (D. Nev. 2007) (a court may take judicial notice of matters of public record, including FERC filings). Likewise, courts may take judicial notice of statements in records and reports of public bodies describing their operations. *See Kirby v. Pennsylvania R. Co.*, 188 F.2d 793, 795–96 (3d Cir. 1951); *Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003). The Court may therefore take judicial notice of (1) JEA's FERC Petition, (2) the Florida Litigation, and (3) the Georgia PSC's description of its jurisdiction.

The Court may also take judicial notice of relevant public securities filings. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *Druskin v. Answerthink, Inc.*, 299 F. Supp. 2d 1307, 1320 (S.D. Fla. 2004). And the Court may judicially notice relevant news articles in connection with a motion to dismiss where such articles are central to the complaint and their contents are not in dispute. *See In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d 1308, 1313 (N.D. Ga. 2001) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802, n. 2 (11th Cir. 1999)). This authority

permits the Court to take judicial notice of the fact of MEAG's September 24, 2018 vote to continue construction of the additional units at Plant Vogtle.

JEA respectfully requests that the Court take judicial notice of the foregoing facts and public records. All of these facts and records are relevant to the claims Plaintiff has attempted to assert herein, and JEA's Motion to Dismiss. As discussed above, these facts and records are generally known within the trial court's territorial jurisdiction, are not subject to reasonable dispute, and are the type of facts and records that the Court is capable of judicially noticing.

Respectfully submitted this 2nd day October, 2018.

**HOLLAND & KNIGHT LLP**

/s/ J. Allen Maines
J. Allen Maines
Georgia Bar No. 466575
Jacquelyn Thomas Watts
Georgia Bar No. 990785
Jonathan Spital
Georgia Bar No. 647816
George E. Schulz, Jr. (pro hac to be submitted)
Fla. Bar No. 169507
Joshua H. Roberts (pro hac to be submitted)
Fla. Bar No. 42029
Lawrence J. Hamilton II (pro hac to be submitted)
Fla. Bar No. 335691
1180 West Peachtree St., N.W., Suite 1800
Atlanta, GA 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
allen.maines@hklaw.com

jacquelyn.watts@hklaw.com
jonathan.spital@hklaw.com
buddy.schulz@hklaw.com
joshua.roberts@hklaw.com
larry.hamilton@hklaw.com

*Attorneys for Defendant*

## LR 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned counsel for Defendant hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 2nd day of October, 2018.

**HOLLAND & KNIGHT LLP**

/s/ J. Allen Maines
J. Allen Maines
Georgia Bar No. 466575

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MUNICIPAL ELECTRIC
AUTHORITY OF GEORGIA,

Plaintiff,

v. Case No. 1:18-cv-4295-MHC

JEA,

Defendant.
________________________________/

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served a true and correct copy of the within and foregoing **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following Counsel of Record:

| Rebecca Woods, Esq.<br>Seth Fortin, Esq.<br>Seyfarth Shaw LLP<br>1075 Peachtree Street, N.E., Suite 2500<br>Atlanta, Georgia 30309-3962 | Michael Levinson, Esq.<br>Seyfarth Shaw LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, Illinois 60606-6448 |
|---|---|

This 2nd day of October, 2018.

/s/ J. Allen Maines
J. Allen Maines
Georgia Bar No. 466575